

**United States Department of Justice**

*United States Attorney*
*Southern District of West Virginia*

Robert C. Byrd United States Courthouse
300 Virginia Street, East
Suite 4000
Charleston, WV 25301
1-800-659-8726

Mailing Address
Post Office Box 1713
Charleston, WV 25326
304-345-2200
FAX: 304-347-5104

August 25, 2020

Derrick W. Lefler
1607 Honaker Avenue
Princeton, WV 24740

      Re:  United States v. Elizabeth Kaye Haway
           Criminal No. 1:19-cr-00304-1

Dear Mr. Lefler:

    This will confirm our conversations with regard to your client, Elizabeth Kaye Haway (hereinafter "Ms. Haway"). As a result of these conversations, it is agreed by and between the United States and Ms. Haway as follows:

    1.  **PENDING CHARGES.** Ms. Haway is charged in a four count superseding indictment as follows:

        a. Count One charges Ms. Haway with a violation of 18 U.S.C. §§ 2252A(a)(2) and (b)(1) (receipt of child pornography);

        b. Count Two charges Ms. Haway with a violation of 18 U.S.C. §§ 2252A(a)(2) and (b)(1) (distribution of child pornography);

        c. Count Three charges Ms. Haway with a violation of 18 U.S.C. §§ 2252A(a)(2) and (b)(1) (conspiracy to distribute child pornography); and

        d. Count Four charges Ms. Haway with a violation of 18 U.S.C. §§ 2252A(a)(2) and (b)(1) (distribution of child pornography).

                                                        *EKH*
                                                 Defendant's
                                                 Initials

Derrick W. Lefler
August 25, 2020                          Re: Elizabeth Kaye Haway
Page 2

    2. **RESOLUTION OF CHARGES.** Ms. Haway will plead guilty to Count Three of said indictment, which charges her with a violation of 18 U.S.C. §§ 2252A(a)(2) and (b)(1). Following final disposition, the United States will move the Court to dismiss Counts One, Two, and Four in Criminal No. 1:19-cr-00304-1 as to Ms. Haway.

    3. **MAXIMUM POTENTIAL PENALTY.** The maximum penalty to which Ms. Haway will be exposed by virtue of this guilty plea is as follows:

      (a) Imprisonment for a period of at least 5 years and up to 20 years;

      (b) A fine of $250,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

      (c) A term of supervised release of at least 5 years to life;

      (d) A mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013 and $5,000 pursuant to 18 U.S.C. § 3014; and

      (e) An order of restitution pursuant to 18 U.S.C. §§ 2259, 3663A, and 3664, or as otherwise set forth in this plea agreement.

    4. **SPECIAL ASSESSMENT.** Ms. Haway has submitted certified financial statements to the United States reflecting that she is without sufficient funds to pay the special assessment due upon conviction in this case. Ms. Haway agrees that, if incarcerated, she will join the Inmate Financial Responsibility Program, earnings from which will be applied toward payment of the special assessment.

    5. **RESTITUTION.** Ms. Haway understands that, pursuant to 18 U.S.C. § 2259, the Court shall order restitution to the victim in

                                                                *[initials]*
                                                                Defendant's
                                                                Initials

Derrick W. Lefler
August 25, 2020   Re: Elizabeth Kaye Haway
Page 3

this case for full amount of the victims' losses, if any, notwithstanding the offense of conviction. Ms. Haway further agrees to pay such restitution, with interest as allowed by law, to the fullest extent financially feasible. In aid of restitution, Ms. Haway further agrees as follows:

(a) Ms. Haway agrees to fully assist the United States in identifying and locating any assets to be applied toward restitution and to give signed, sworn statements and testimony concerning assets upon request of the United States.

(b) Ms. Haway will fully complete and execute, under oath, a Financial Statement and a Release of Financial Information on forms supplied by the United States and will return these completed forms to counsel for the United States within seven calendar days from the date of the signing of this plea agreement.

(c) Ms. Haway agrees not to dispose of, transfer or otherwise encumber any real or personal property which she currently owns or in which he holds an interest.

(d) Ms. Haway agrees to fully cooperate with the United States in the liquidation of assets to be applied towards restitution, to execute any and all documents necessary to transfer title of any assets available to satisfy restitution, to release any and all right, title and interest she may have in and to such property, and waives her right to exemptions under the Federal Debt Collection Procedures Act upon levy against and the sale of any such property.

(e) Ms. Haway agrees not to appeal any order of the District Court imposing restitution unless the amount of restitution imposed exceeds $10,000 per victim. However, nothing in this provision is intended to preclude the Court from ordering Ms. Haway to pay a greater or lesser

Defendant's
Initials

Derrick W. Lefler
August 25, 2020                           Re: Elizabeth Kaye Haway
Page 4

sum of restitution in accordance with law.

6. **ABANDONMENT OF PROPERTY.** Ms. Haway hereby agrees to release, relinquish, waive or abandon to the United States or to the State of West Virginia any and all right, title and interest he may have in certain items seized from her on April 23, 2019, that is, one HP laptop, serial number CND838LCT, and one Apple iPhone; and any other digital media items seized on that date that contain images or videos of child pornography. The property hereby abandoned by the defendant under this paragraph will be destroyed or otherwise disposed of by federal, state or local law enforcement officers according to the law.

7. **PAYMENT OF MONETARY PENALTIES.** Ms. Haway authorizes the Financial Litigation Unit in the United States Attorney's Office to obtain a credit report from any major credit reporting agency prior to sentencing in order to assess her financial condition for sentencing purposes. Ms. Haway agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable in full immediately, Ms. Haway further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

Ms. Haway authorizes the United States, through the Financial Litigation Unit, to submit any unpaid criminal monetary penalty to the United States Treasury for offset in accordance with the Treasury Offset Program, regardless of the defendant's payment status or history at that time.

In addition to any payment ordered by the Court, Ms. Haway shall pay all monies received from any source other than earned income, including but not limited to, lottery winnings, gambling

_____
Defendant's
Initials

Derrick W. Lefler
August 25, 2020                              Re: Elizabeth Kaye Haway
Page 5

proceeds, judgments, inheritances, and tax refunds, toward the court ordered restitution or fine.

Ms. Haway agrees that if she retains counsel or has appointed counsel in response to the United States' efforts to collect any monetary penalty, she shall immediately notify the United States Attorney's Office, Attention: Financial Litigation Unit, P.O. Box 1713, Charleston, West Virginia 25326-1713, in writing and shall instruct her attorney to notify FLU immediately of her representation.

8. **COOPERATION.** Ms. Haway will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States. In complying with this provision, Ms. Haway may have counsel present except when appearing before a grand jury.

9. **USE IMMUNITY.** Unless this agreement becomes void due to a violation of any of its terms by Ms. Haway, and except as expressly provided for in paragraph 11 below, nothing contained in any statement or testimony provided by her pursuant to this agreement, or any evidence developed therefrom, will be used against her, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

10. **LIMITATIONS ON IMMUNITY.** Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Ms. Haway for any violations of federal or state laws. The United States reserves the right to prosecute Ms. Haway for perjury or false statement if such a situation should occur pursuant to this agreement.

*EKH*

_____
Defendant's
Initials

Derrick W. Lefler
August 25, 2020                           Re: Elizabeth Kaye Haway
Page 6

   11. **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.**
The United States and Ms. Haway stipulate and agree that the facts comprising the offense of conviction and relevant conduct include the facts outlined in the "Stipulation of Facts," a copy of which is attached hereto as "Plea Agreement Exhibit A."

   Ms. Haway agrees that if she withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by her, and she is subsequently tried for her conduct alleged in the indictment, as more specifically described in the Stipulation of Facts, the United States may use and introduce the Stipulation of Facts in the United States case-in-chief, in cross-examination of Ms. Haway or of any of her witnesses, or in rebuttal of any testimony introduced by her or on her behalf. Ms. Haway knowingly and voluntarily waives, see United States v. Mezzanatto, 513 U.S. 196 (1995), any right she has pursuant to Fed. R. Evid. 410 that would prohibit such use of the Stipulation of Facts. If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void due to a breach of its terms by the United States, the Stipulation of Facts cannot be used by the United States.

   The United States and Ms. Haway understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the Court, the parties will not have the right to withdraw from the plea agreement.

   12. **AGREEMENT ON SENTENCING GUIDELINES.** Based on the foregoing Stipulation of Facts, the United States and Ms. Haway agree that the following provisions of the United States Sentencing Guidelines apply to this case.

   USSG § 2G2.2

   Base Offense Level                                   22

   Distribution                                         +2

                                                    _EKH_
                                                    Defendant's
                                                    Initials

Derrick W. Lefler
August 25, 2020                             Re: Elizabeth Kaye Haway
Page 7


| | |
|---|---|
| Use of Computer | +2 |
| Prepubescent Minor | +2 |
| Image Count (300 to 599) | +4 |
| Pattern of Activity | +5 |
| Adjusted Offense Level | 37 |

The United States and Ms. Haway acknowledge and understand that the Court and the Probation Office are not bound by the parties' calculation of the United States Sentencing Guidelines set forth above and that the parties shall not have the right to withdraw from the plea agreement due to a disagreement with the Court's calculation of the appropriate guideline range.

13. **WAIVER OF APPEAL AND COLLATERAL ATTACK.** Ms. Haway knowingly and voluntarily waives her right to seek appellate review of her conviction and of any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742(a), except that the defendant may appeal any sentence that exceeds the maximum penalty prescribed by statute. Ms. Haway also knowingly and voluntarily waives any right to seek appellate review of any claim or argument that (1) the statute of conviction (18 U.S.C. § 2252A(a)(2)) is unconstitutional, and (2) Ms. Haway's conduct set forth in the Stipulation of Facts (Plea Agreement Exhibit A) does not fall within the scope of 18 U.S.C. § 2252A(a)(2).

The United States also agrees to waive its right to appeal any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever, including any ground set forth in 18 U.S.C. § 3742(b), except that the United States may appeal any sentence that is below the minimum penalty, if any,

*EKH*
Defendant's Initials

prescribed by statute.

Ms. Haway also knowingly and voluntarily waives the right to challenge her guilty plea and conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

14. **WAIVER OF FOIA AND PRIVACY RIGHT.** Ms. Haway knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

15. **SEX OFFENDER REGISTRATION REQUIREMENT.** Ms. Haway understands and acknowledges that under the Federal Sex Offender Registration and Notification Act, she must register as a sex offender and keep the registration current in each of the following jurisdictions: where she resides, where she is an employee and where she is a student. Ms. Haway understands that the federal registration requirement and any state registration requirement may apply throughout her life. Ms. Haway further understands that the requirement to keep the registration current includes informing at least one of the aforementioned jurisdictions not later than three days after any change of name, residence, employment, or student status. Ms. Haway understands that failure to comply with these obligations subjects her to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

16. **FINAL DISPOSITION.** The matter of sentencing is within

_____
Defendant's
Initials

Derrick W. Lefler
August 25, 2020                              Re: Elizabeth Kaye Haway
Page 9

the sole discretion of the Court. The United States has made no representations or promises as to a specific sentence. The United States reserves the right to:

- (a) Inform the Probation Office and the Court of all relevant facts and conduct;

- (b) Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

- (c) Respond to questions raised by the Court;

- (d) Correct inaccuracies or inadequacies in the presentence report;

- (e) Respond to statements made to the Court by or on behalf of Ms. Haway;

- (f) Advise the Court concerning the nature and extent of Ms. Haway's cooperation; and

- (g) Address the Court regarding the issue of Ms. Haway's acceptance of responsibility.

17. **VOIDING OF AGREEMENT.** If either the United States or Ms. Haway violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

18. **ENTIRETY OF AGREEMENT.** This written agreement constitutes the entire agreement between the United States and Ms. Haway in this matter. There are no agreements, understandings or recommendations as to any other pending or future charges against Ms. Haway in any Court other than the United States District Court for the Southern District of West Virginia.

_____
Defendant's Initials

Derrick W. Lefler
August 25, 2020                              Re: Elizabeth Kaye Haway
Page 10

    Acknowledged and agreed to on behalf of the United States:

                                MICHAEL B. STUART
                                United States Attorney

                    By: _____
                                KRISTIN F. SCOTT
                                Assistant United States Attorney

I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this ten-page agreement that I have read and carefully discussed every part of it with my attorney, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement. I further acknowledge that my attorney has advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____         9-2-20
Elizabeth Kaye Haway                      Date Signed
Defendant

_____         9-2-20
Derrick W. Lefler                         Date Signed
Counsel for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD

**UNITED STATES OF AMERICA**

v.   CRIMINAL NO. 1:19-cr-00304-1

**ELIZABETH KAYE HAWAY**

### STIPULATION OF FACTS

The United States and Elizabeth Kaye Haway (hereinafter "defendant" or "I" or "my") stipulate and agree that the facts comprising the offense of conviction in Count Three of the Superseding Indictment in the Southern District of West Virginia, Criminal No. 1:19-cr-00304-1, and relevant conduct, include the following:

Facebook Inc. owns and operates Facebook Messenger, which is a mobile messaging application that allows users to create an account and username to send and receive chat messages, images and videos with other Facebook Messenger users throughout the world. Facebook Messenger relies upon cellular networks and the Internet to allow users to engage in chat communications. Cellular networks and the Internet are both means and facilities of interstate and foreign commerce.

### DEFENDANT'S FACTUAL BASIS FOR GUILTY PLEA – COUNT 3

I first connected with Randall Peggs, also known as "Randy Peggs," on the xHamster website.[1] We then became friends on Facebook around November 10, 2018. Peggs and I began frequently chatting on Facebook Messenger, with conversations discussing our sexual interests – including my involvement with bestiality. Peggs and I exchanged several sexually explicit images via Facebook Messenger. During these conversations and exchanges, I was located in Princeton, Mercer County, West Virginia. I provided Peggs with my address and he mailed me sex toys. I also told Peggs during

---

[1] xHamster is a pornographic media and social-networking site that hosts user-submitted pornographic videos, webcam models, pornographic photographs, and erotic literature, and incorporates social-networking features.

Plea Agreement Exhibit A

these conversations that I had access to a five-year-old female child.

From on or about November 12, 2018, through on or about February 16, 2019, Peggs and I communicated via Facebook Messenger about my desire to sexually touch a minor's vagina. During those conversations, Peggs encouraged me to film myself as I touched the vagina of "Minor Female 1."

On November 12, 2018, Peggs and I discussed how I fantasized about engaging in sexual activity with minors. Peggs later admitted that he had also had such thoughts.

On November 13, 2018, Peggs and I discussed how Peggs would be interested in seeing pictures of me engaging in sexually explicit conduct with a minor. Peggs suggested that I take some pictures and video of myself showering together with Minor Female 1. We also discussed me vaginally penetrating Minor Female 1 with an object and also masturbating her.

On November 20, 2018, my conversations with Peggs continued. I admitted to previously touching Minor Female 1 and to masturbating with her in the shower. Peggs encouraged me to do anything I wanted and agreed that he would watch.

On November 22, 2018, I sent Peggs a photograph via Facebook Messenger of my nude vagina with a small child's hand touching it. I told Peggs the child in the image was Minor Female 1. Peggs encouraged me to engage in sexually explicit conduct with Minor Female 1 again that night, and to let him see a visual depiction of it.

On November 23, 2018, Peggs and I again discussed me filming and sexually touching Minor Female 1, for the purpose of sending the video over the Internet for Peggs to watch. I agreed to record it then let Peggs watch the visual depiction that I made. Later I had a video call via Facebook with Peggs; during this call I discussed performing oral sex on Minor Female 1 while letting Peggs watch. I did so knowing that Minor Female 1 was in fact a prepubescent female under the age of twelve.

On February 16, 2019, I sent Peggs a video, with audio, through Facebook Messenger. This video was 3 minutes and 21 seconds long. The video showed both myself and Minor Female 1 in a bathtub and engaged in sexually explicit conduct. The video showed me masturbating and placing Minor Female 1's hand onto my vagina, while I rubbed Minor Female 1's vagina. Minor Female 1's vagina is

...

visible in the video. Peggs and I then discussed the video, as well as my plan to have Minor Female 1 watch me masturbate again. During this conversation, I sent Peggs a second video on Facebook Messenger that was 1 minute and 59 seconds long; it depicted an adult male penetrating the vagina of a prepubescent female child with his penis.

This Stipulation of Facts does not contain each and every fact known to the United States and the defendant concerning the Defendant's involvement in the charges set forth in the Information.

Stipulated and agreed to:

_____        9-2-20
ELIZABETH KAYE HAWAY                   Date
Defendant

_____        9-2-20
DERRICK W. LEFLER                      Date
Counsel for Defendant

_____        9-9-2020
KRISTIN F. SCOTT                       Date
Assistant United States Attorney

Plea Agreement Exhibit A



## United States Department of Justice

*United States Attorney*
*Southern District of West Virginia*

*Robert C. Byrd United States Courthouse*
*300 Virginia Street, East*
*Suite 4000*
*Charleston, WV 25301*
*1-800-659-8726*

*Mailing Address*
*Post Office Box 1713*
*Charleston, WV 25326*
*304-345-2200*
*FAX: 304-347-5104*

August 25, 2020

Derrick W. Lefler
1607 Honaker Avenue
Princeton, WV 24740

      Re:   United States v. Elizabeth Haway
            Criminal Case # 1:19-cr-00304-1

Dear Attorney Lefler:

    Enclosed please find a proposed plea agreement for your client, Elizabeth Kaye Haway. Please have Ms. Haway execute the plea agreement. I ask that you return the executed agreement to me, along with the enclosed financial paperwork, no later than close of business (5:00 p.m.) on Monday, September 4, 2020, so we can make arrangements with the Court to schedule the plea hearing ahead of the proposed trial date. If I do not have the agreement signed by that date, I will consider the plea offer void and withdrawn.

    Please contact me if you want to discuss any potential edits. I ask that you not make edits to the plea agreement itself without discussing them with me first.

    Should you have any additional questions, please feel free to contact me at 304-340-2335.

                              Sincerely,

                              MICHAEL B. STUART
                              United States Attorney

            By:   */s/ Kristin F. Scott*
                              KRISTIN F. SCOTT
                              Assistant United States Attorney

KFS/tlm
Enclosure