IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

UNITED STATES OF AMERICA

v.                                    CRIMINAL NO. 1:19-00304-01

ELIZABETH KAYE HAWAY

MEMORANDUM OPINION AND ORDER

In Bluefield, on September 14, 2020, came the defendant Elizabeth Kaye Haway, in person and by counsel, Derrick W. Lefler, Esquire, and came the United States by Kristin F. Scott, Assistant United States Attorney, for the purpose of considering the defendant's plea of guilty to Count Three of the indictment, charging her with conspiracy to distribute child pornography, in violation of Title 18, United States Code, Sections 2252A(a)(2) and (b)(1).

The court inquired of the defendant, addressing her personally and by counsel, to determine the competency of the defendant to proceed.  The court found the defendant competent.

The Assistant United States Attorney then offered for the court's consideration and summarized the entirety of a written plea agreement signed by both the defendant and her counsel, which signatures the defendant and her counsel acknowledged in court.

The court informed the defendant of the maximum penalties to which she will be exposed by virtue of her plea of guilty and defendant acknowledged her understanding of the same.

The court next inquired as to the defendant's plea and the defendant responded that she intended to plead guilty.  The court explained the range of penalties to which the defendant would be exposed by virtue of her guilty plea.  The court also explained the statute under which this action is prosecuted and the elements which the United States would have had to prove, beyond a reasonable doubt, had the matter been tried.  The Assistant United States Attorney then stated the factual basis establishing that the defendant committed the offense to which she was pleading guilty.  The defendant admitted that the factual basis as stated was substantially true.

The court inquired of the defendant personally as to whether any threats or promises had been made to her to induce her to plead, whether any predictions were made regarding the sentence she might receive, and whether she had any second thoughts about entering a plea of guilty, to which questions the defendant responded in the negative.

Based upon the defendant's plea of guilty, as well as her factual admission of guilt, the court found that there existed a factual and legal basis for the defendant's plea of guilty.

Based upon the United States' proffer of evidence against the
defendant, the court found that there also existed an independent
factual basis for the defendant's plea of guilty.  The court
further found that the defendant tendered her plea of guilty
voluntarily and with a full understanding and awareness of the
constitutional and other rights which she gives up by pleading
guilty, and with an awareness of what the United States would
have to prove against her if the case went to trial.  The court
further found that the defendant had an appreciation of the
consequences of her plea and accepted the defendant's plea of
guilty.

Pursuant to Sentencing Guideline § 6B1.1(c), the court
deferred acceptance of the plea agreement and an adjudication of
guilt pending receipt of the presentence investigation report.
Accordingly, the court adjudges and the defendant now stands
provisionally guilty of Count Three of the indictment.

The court scheduled the disposition of this matter for
December 14, 2020, at 2:30 p.m., in Bluefield.  The Probation
Department is directed to conduct a presentence investigation in
this matter and to provide a report to this court.  Unless
otherwise directed by this court, the probation officer is not to
disclose the officer's sentencing recommendation to anyone except
the court.

Sentencing Memoranda are NOT required.  If a party wishes to file a sentencing memorandum, that memorandum must be filed no later than TWO business days prior to the sentencing hearing.

The defendant was remanded to the custody of the United States Marshal.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record, the United States Marshal for the Southern District of West Virginia and the Probation Office of this court.

**IT IS SO ORDERED** this 15th day of September, 2020.

ENTER:

David A. Faber
Senior United States District Judge